## COUNTY OF OXFORD.

### PARSONS *versus* BRIDGHAM.

By the Act of 1846, chap. 205, the sale of *spirituous* liquors was restricted. By the Act of 1848, the sale of *spirituous or intoxicating* liquors, was restricted. The repeal of the Act of 1848, by that of 1851, chap. 211, § 18, does not defeat prosecutions under the Act of 1846, for the sale of *spirituous* liquors.

Leading questions to a witness are such as suggest answers favorable to the party asking them.

A Judge may, in some cases, allow leading questions to a witness.

If answers are rejected by a Judge, because given in answer to questions, which he may suppose to be leading, the rejection is ground of exception, if in fact the questions were not leading.

On EXCEPTIONS from the *District Court*, EMERY, J.

DEBT, for that the defendant on the 30th day of December, 1849, sold a quantity of spirituous and intoxicating liquor to John Morrell, viz : — one glass of rum ; viz : — one glass of gin, not having been licensed, &c.

The defendant urged in defence that the Act, upon which the suit was brought, was not in force, but had been repealed.

The Judge however ruled otherwise.

To disprove the plaintiff's allegation, the defendant introduced the deposition of Morrell, which contained the following interrogatories, with a negative answer to each.

Did you call for any rum or gin of me on the 30th December, 1849?

Did you pay for any rum or gin to me on December 30, 1849?

Have you at any time paid me for any rum or gin sold you December 30, 1849?

Did you bargain in any way with me for any gin or rum on the 30th December, 1849?

The interrogatories were objected to at the taking of the deposition, and the Judge directed that so much of the deposition as was responsive to them, should be disregarded by the jury.

The verdict was against the defendant, and he excepted.

The opinion of the Court, SHEPLEY, C. J., TENNEY, WELLS, HOWARD and APPLETON, J. J., was drawn up by

WELLS, J. — The declaration in the plaintiff's writ alleges, that the defendant sold "a quantity of spirituous and intoxicating liquors, &c., to wit, one glass of rum, to wit, one glass of gin." The charge is limited to the sale of rum and gin, which are spirituous liquors, the sale of which without a license is prohibited by the Act of 1846, chap. 205, which is so far in force as to authorize the prosecution of this action, as appears by the Act of 1851, chap. 211, § 18.

If the liquors sold had been intoxicating but not spirituous, then the argument of the defendant's counsel, that the Act of 1848, chap. 67, which prohibits the sale of intoxicating liquors, has been repealed, and that the action cannot be maintained, might have been satisfactory. For the Act of 1848 is broader in its prohibitions than that of 1846, inasmuch as the term intoxicating embraces other liquors than those denominated spirituous. But the plaintiff's declaration confines the description of the liquors to those which are spir-

ituous by a particular designation of them, and no proof could be offered of the sale of any other liquors than rum or gin. The facts alleged bring the case clearly within the Act of 1846, and the repeal of the Act of 1848 has no effect upon it.

The Judge of the District Court ruled, that the interrogatories to the deponent, which are stated in the bill of exceptions, were objectionable in law, and instructed the jury to disregard so much of the deposition as was responsive to them. The exceptions do not exhibit the ground of objection to them, but it was probably on the ground that they were leading. A Judge may in certain cases authorize leading questions to be put to a witness. *Woodman* v. *Coolbroth*, 7 Greenl. 181. But where the answers are rejected because the questions are leading, in the opinion of the Judge, and they are not so, their rejection is erroneous. Leading questions are such as suggest answers favorable to the interests of the party asking them. 1 Stark. Ev. (7th ed.) 169. If the interrogatories mentioned in the exceptions are suggestive of answers, the two *first named* would rather appear to suggest affirmative answers, which would be against the interest of the defendant, who proposed them. No injury could arise to the plaintiff by interrogatories put to the deponent suggestive of answers unfavorable to the defendant, and they ought to have been received.

As a new trial must be granted, it is unnecessary to examine the propriety of the other interrogatories. If the defendant desires to have the benefit of them, he can take the deposition anew, and obviate the objection to them, by putting them in such form as will render them free from any question.

*Exceptions sustained and a new trial granted.*

*J. Goodenow*, for the defendant.

*Walton*, County Att'y, for the State.